**FILED**

AUG 1 9 2015

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | **4:15CR391 ERW/JMB** |
| ) | Case No. |
| vs. ) | |
| ) | |
| KEVIN GRANDERSON, aka JEEZY, ) | Title 21 U.S.C. §841(a)(1) |
| ) | Title 21 U.S.C. §846 |
| Defendant. ) | Title 18 U.S.C. §1951(a) |
| ) | Title 18 U.S.C. §924(c)(1) |
| ) | Title 18 U.S.C. §924(j)(1) |

## INDICTMENT

### COUNT ONE

### Conspiracy to Distribute Cocaine

The Grand Jury charges that:

Beginning at a time unknown to the Grand Jury, and up to and including on or about July 15, 2012, and continuing thereafter up to and including the date of this indictment, in the City of St. Louis, within the Eastern District of Missouri, and elsewhere,

**KEVIN GRANDERSON, aka JEEZY,**

the defendant herein, and others known and unknown to the Grand Jury, did knowingly and willfully conspire, combine, confederate and agree to commit an offense against the United States; to wit: to distribute a quantity of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 846, and punishable under Title 21, United States Code, Section 841(b)(1)(C).

## COUNT TWO

### Possessing a Firearm in Furtherance of a Drug Trafficking Crime, Resulting in Murder

The Grand Jury further charges that:

On or about July 14 and 15, 2012, in the City of St. Louis, within the Eastern District of Missouri,

**KEVIN GRANDERSON, aka JEEZY,**

the defendant herein, and others known and unknown to the Grand Jury, did knowingly possess a firearm in furtherance of a drug trafficking crime which may be prosecuted in a court of the United States; to wit: conspiracy to distribute cocaine, as charged in Count One herein; and in the course of such violation caused the death of Scipio Vaughn through the use of a firearm, which killing is a murder, that is, the unlawful killing of a human being with malice aforethought.

In violation of Title 18, United States Code, Sections 924(c)(1) and 924(j)(1), and punishable under Title 18, United States Code, Section 924(j)(1).

## COUNT THREE

### Conspiracy to Obstruct Commerce by Robbery

The Grand Jury further charges that:

Beginning at a time unknown to the Grand Jury, and up to and including on or about July 15, 2012, and continuing thereafter up to and including the date of this indictment, in the City of St. Louis, within the Eastern District of Missouri, and elsewhere,

**KEVIN GRANDERSON, aka JEEZY,**

the defendant herein, and others known and unknown to the Grand Jury, did knowingly and willfully conspire, combine, confederate and agree to commit an offense against the United States;

to wit: to obstruct, delay, and affect commerce and the movement of any article or commodity in commerce by robbery.

## Overt Acts

In furtherance of said conspiracy and to achieve the objectives and purposes thereof, defendant and other persons known and unknown to the Grand Jury committed and caused the commission of the following overt acts in the Eastern District of Missouri and elsewhere:

1. At all times relevant to this indictment, defendant resided in the State of Missouri, and victims Scipio Vaughn, Jason Crabtree, and Aaron Crump resided in the State of Illinois.

2. In or around 2011 and 2012, defendant was engaged in the illicit business of drug trafficking in interstate commerce, an industry that affects interstate commerce.

3. In or around 2012, victims Scipio Vaughn and Jason Crabtree were engaged in the illicit business of drug trafficking in interstate commerce, an industry that affects interstate commerce.

4. Beginning in or around the summer of 2011, and continuing thereafter, defendant sold quantities of marijuana, a Schedule I controlled substance, to victim Aaron Crump, who traveled in interstate commerce from the State of Illinois to the State of Missouri to purchase the marijuana.

5. In or around July 2012, defendant informed victim Aaron Crump that he had cocaine, a Schedule II controlled substance, available for sale, and victim Scipio Vaughn informed victim Aaron Crump that he was looking for a source from which to purchase cocaine.

6. In or around July 2012, defendant and victim Scipio Vaughn, through victim Aaron Crump acting as an intermediary, agreed that defendant would sell cocaine to victim Scipio Vaughn in the State of Missouri, to be transported to the State of Illinois for distribution.

7. On or about July 14, 2012, victim Scipio Vaughn and victim Jason Crabtree accumulated approximately $20,000 or more in United States currency for the purchase of cocaine from defendant.

8. On or before July 14, 2012, defendant and his co-conspirators planned to rob victims Scipio Vaughn, Jason Crabtree, and Aaron Crump of personal property, including the approximately $20,000 or more in United States currency.

9. On or before July 14, 2012, defendant and his co-conspirators obtained firearms in furtherance of the conspiracy.

10. On or about July 14, 2012, defendant and victim Aaron Crump engaged in telephone conversations, in which they arranged to meet in the City of St. Louis, in the State of Missouri, to complete the cocaine transaction.

11. On or about July 14, 2012, victims Scipio Vaughn, Jason Crabtree, and Aaron Crump traveled in interstate commerce from the State of Illinois to the State of Missouri for the purpose of purchasing cocaine from defendant.

12. On or about July 14, 2012, defendant engaged in a conversation with victim Aaron Crump, in which defendant asked whether victims Scipio Vaughn, Jason Crabtree, and Aaron Crump brought the money and whether they were armed with guns, and in which defendant assured victim Aaron Crump that he and his co-conspirators brought the cocaine, in furtherance of the conspiracy.

13. On or about July 14 and 15, 2012, defendant and his co-conspirators met with victims Scipio Vaughn, Jason Crabtree, and Aaron Crump on the street at 1224 North 15th Street in the City of St. Louis, within the State of Missouri, in furtherance of the conspiracy.

14. On or about July 14 and 15, 2012, defendant and his co-conspirators possessed firearms in furtherance of the conspiracy.

15. On or about July 14 and 15, 2012, defendant and his co-conspirators robbed victims Scipio Vaughn, Jason Crabtree, and Aaron Crump of personal property, including the approximately $20,000 or more in United States currency intended for the purchase of cocaine, in furtherance of the conspiracy.

16. On or about July 14 and 15, 2012, defendant's co-conspirator shot and killed victim Scipio Vaughn with a firearm in furtherance of the conspiracy.

17. On or about July 14 and 15, 2012, defendant and his co-conspirators left the area of 1224 North 15th Street with the approximately $20,000 or more in United States currency, which they took from victims Scipio Vaughn, Jason Crabtree, and Aaron Crump, in furtherance of the conspiracy.

In violation of Title 18, United State Code, Section 1951(a), and punishable under Title 18, United States Code, Section 1951(a).

## COUNT FOUR

### Possessing a Firearm in Furtherance of a Crime of Violence, Resulting in Murder

The Grand Jury further charges that:

On or about July 14 and 15, 2012, in the City of St. Louis, within the Eastern District of Missouri,

**KEVIN GRANDERSON, aka JEEZY,**

the defendant herein, and others known and unknown to the Grand Jury, did knowingly possess a firearm in furtherance of a crime of violence which may be prosecuted in a court of the United States; to wit: conspiracy to obstruct commerce by robbery, as charged in Count Three herein; and

in the course of such violation caused the death of Scipio Vaughn through the use of a firearm, which killing is a murder, that is, the unlawful killing of a human being with malice aforethought.

In violation of Title 18, United States Code, Sections 924(c)(1) and 924(j)(1), and punishable under Title 18, United States Code, Section 924(j)(1).

A TRUE BILL.

_____
FOREPERSON

RICHARD G. CALLAHAN
United States Attorney


_____
CRISTIAN M. STEVENS, #48028MO
Assistant United States Attorney